August 6, 2009

The Honorable Tom Maness
Jefferson County Criminal District Attorney
Jefferson County Courthouse
1001 Pearl Street, 3rd Floor
Beaumont, Texas 77701-3545

Opinion No. GA-0734

Re: Calculation of the maximum time allowable for tax abatement under Tax Code section 312.204(d) (RQ-0784-GA)

Dear Mr. Maness:

On behalf of a navigation district, you ask whether under Tax Code section 312.204(a), "the 10-year maximum allowable term of abatement begin[s] at the date of 'substantial completion of the project' or . . . as of the date of execution of the agreement providing for the abatement[.]"[1] Section 312.204(a) authorizes an eligible city to "agree in writing with the owner of taxable real property that is located in a reinvestment zone . . . to *exempt from taxation* a portion of the value of the real property or of tangible personal property located on the real property, or both, for a period not to exceed 10 years." TEX. TAX CODE ANN. § 312.204(a) (Vernon 2008) (emphasis added).[2] While section 312.204(a) limits the authorized exemption of the property from taxes—the tax abatement—to a maximum of ten years, it does not specify the date from which the maximum ten-year abatement period must be calculated.

Your request for an opinion was submitted to this office before the Eighty-first Legislature specifically addressed the issue you raise by enacting section 312.007. *See* Act of May 29, 2009, 81st Leg., R.S., H.B. 3896, § 2; Act of May 30, 2009, 81st Leg., R.S., S.B. 1458, § 2 (both containing identical language and to be codified at TEX. TAX CODE ANN. § 312.007) (effective June 19, 2009) [hereinafter H.B. 3896 and S.B. 1458]. Section 312.007(a) defines the term "abatement period" to mean "the period during which all or a portion of the value of real property or tangible personal property that is the subject of a tax abatement agreement *is exempt from taxation*." H.B. 3896, § 2; S.B. 1458 § 2 (emphasis added). Section 312.007(b) then provides:

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]If taxes on property located in a city's taxing jurisdiction are abated pursuant to section 312.204, other eligible taxing units in which the property is located may also execute a tax abatement agreement with the owner of the property. TEX. TAX CODE ANN. § 312.206(a) (Vernon 2008); *see also id.* §§ 312.206(a) ("The execution, duration, and other terms of an agreement made under this section are governed by . . . Section[] 312.204 . . . ."), 312.002(g) (stating that "'[t]axing unit' has the meaning assigned by [Tax Code] Section 1.04"). You tell us that the navigation district is a taxing unit for the purposes of chapter 312. *See* Request Letter at 1.

> *Notwithstanding any other provision of this chapter*, the governing body of the taxing unit granting the abatement and the owner of the property that is the subject of the agreement *may agree to defer the commencement of the abatement period* until a date that is *subsequent to the date the agreement* is entered into, except that the *duration of an abatement period may not exceed 10 years*.

H.B. 3896 § 2; S.B. 1458 § 2 (emphasis added).

Section 312.007 plainly allows a taxing unit and a property owner to agree to defer the start of the tax abatement period to a date after the date of the agreement covering the abatement. *See* H.B. 3896, § 2; S.B. 1458 § 2; *see also Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008) (stating that to determine and give effect to the Legislature's intent, the court "look[s] first to the statute's language" and "[i]f the statute's language is unambiguous, its plain meaning will prevail"). The statute also plainly states that the tax abatement period—the period during which the property subject to the agreement is tax exempt—may not exceed ten years. *See* H.B. 3896, § 2; S.B. 1458, § 2; *Leland*, 257 S.W.3d at 206. In short, section 312.007 now expressly (i) provides that the maximum ten-year limit applies to the period during which the property covered by the agreement is actually exempt from taxes, i.e., the abatement period; (ii) permits the abatement period to start at a date later than the date of the agreement; and (iii) applies "notwithstanding any other provision of [chapter 312]." *See* H.B. 3896, § 2; S.B. 1458, § 2; *see also* H.B. 3896, § 4; S.B. 1458, § 6 ("Section 312.007 . . . is intended to clarify rather than change existing law.").

Accordingly, we conclude that the maximum ten-year tax abatement period authorized under section 312.204(a) may commence in a year subsequent to the year in which the agreement providing for the abatement is entered into by the taxing unit and the owner of the property subject to the agreement.

## S U M M A R Y

The maximum ten-year tax abatement period authorized under Tax Code section 312.204(a) may commence in a year subsequent to the year in which an agreement providing for the tax abatement is entered into by the taxing unit and the owner of the property subject to the agreement.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee